UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| ALBERT M. HALL, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 19-CV-0389-CVE-FHM |
|  | ) |  |
| DEPARTMENT OF HUMAN SERVICES, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER

Now before the Court is plaintiff's complaint (Dkt. # 1) and plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and Supporting Affidavit (Dkt. # 2). Plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe his pro se pleading liberally. See, e.g., Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). Plaintiff Albert M. Hall states that the Oklahoma Department of Human Services is attempting to collect a debt from him, and it appears that he is referring to outstanding child support payments. Dkt. # 1, at 1. Plaintiff claims that defendant has unfairly exempted his child's mother from a similar debt, and he claims that this violates his right to equal protection of the law and due process. Id. Plaintiff alleges that it is the child's mother who has asked defendant to collect child support payments on her behalf. Id. at 2. He alleges that he previously had a dispute with defendant concerning the payment of child support, because he claimed that defendant failed to make adjustments to his child support obligation based on the amount of time the child was in his custody. Id. at 2.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

Plaintiff asserts that the Court has federal question jurisdiction over this case, because he is seeking relief under 42 U.S.C. § 1983. Dkt. # 2, at 3. However, § 1983 merely provides a cause of action when a plaintiff's constitutional rights have been violated, and § 1983 does not create any substantive rights. To state a claim under § 1983, a plaintiff must show that his or her constitutional rights were violated by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff appears to be alleging an equal protection challenge to Oklahoma's child support laws and, construing his allegations broadly, he could be alleging that the child's mother has been exempted from the payment of child support based on her gender. Dkt. # 1, at 1. However, he

2

plainly alleges that the "mother filed a debt against [plaintiff] and the department of human service [sic] pursude [sic] it." Id. at 2. This does not suggest that defendant is selectively enforcing child support obligations against men and not women, but it merely shows that in this case the female parent has sought assistance in collecting outstanding child support payments. It does not appear that defendant is facially attacking the validity of Oklahoma's child support laws or that he is suggesting that women are always exempt from child support payments. Instead, defendant is challenging whether the child's mother should be exempt from payment of child support in this particular case, and this is a matter of state law that does not concern due process or equal protection under the United States Constitution. The Court finds no basis to exercise federal question jurisdiction over this case, and plaintiff's claims should be dismissed for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that the complaint (Dkt. # 1) is hereby **dismissed without prejudice**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and Supporting Affidavit (Dkt. # 2) is **moot**.

**DATED** this 27th day of August, 2019.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE